**VAN COTT, BAGLEY, CORNWALL & MCCARTHY**
John A. Snow (3125) (jsnow@vancott.com)
Kelley M. Marsden (13076) (kmarsden@vancott.com)
36 South State Street, Suite 1900
Salt Lake City, Utah  84111-1478
Telephone:  (801) 532-3333
Facsimile:  (801) 534-0058

Bret W. Reich (9542) (bret.reich@kernrivergas.com)
Kern River Gas Transmission Company
2755 E. Cottonwood Parkway, Ste. 300
Salt Lake City, Utah 84121
Telephone:  (801) 937-6062
Facsimile: (801) 937-6055

*Attorneys for Kern River Gas Transmission Co.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SOUTHEAST DIRECTIONAL DRILLING, LLC, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KERN RIVER GAS TRANSMISSION COMPANY, a Texas general partnership, and BARNARD PIPELINE, INC., a Montana corporation,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING KERN RIVER GAS TRANSMISSION COMPANY'S MOTION TO DISMISS SOUTHEAST DIRECTIONAL DRILLING, LLC'S SECOND CLAIM FOR RELIEF**<br><br>Case No. 2:11-cv-1035<br><br>Judge David Nuffer |

This matter came before the Court on October 2, 2012 for hearing on Defendant Kern River Gas Transmission Company's ("Kern River") Motion to Dismiss Southeast Directional Drilling, LLC's Second Claim for Relief (Dkt. #17) ("Motion").  Plaintiff Southeast Directional Drilling, LLC ("SEDD") was represented by Kyle E. Hart and Theodore v. Roberts; Barnard Pipeline, Inc. ("Barnard") was represented by R. Miles Stanislaw and Christopher R. Hogle; and Kern River

was represented by John A. Snow, Kelley M. Marsden, and Bret W. Reich.  The Court, having carefully reviewed the pleadings and memoranda submitted by the parties, the relevant legal authority, and counsel's oral arguments, and for good cause appearing, hereby FINDS, ORDERS, ADJUDGES AND DECREES as follows.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept well-pleaded allegations as true and must construe them in the light most favorable to the non-moving party.  *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  However, the court need not accept as true conclusory allegations.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court recently reaffirmed *Twombly*'s higher pleading requirements in light of a pre-answer motion to dismiss, concluding that a complaint must offer more than an unadorned, vague accusation of harm in order to survive dismissal.  *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) ("naked assertions devoid of further factual enhancement" no longer suffice to state a claim).  The Court further affirmed that a "formulaic recitation of the elements of a claim," because of its conclusory nature, is not entitled to the presumption of truth.  *Id.* at 1951.  The Court must not assume that the plaintiff can prove facts it has not alleged, and cannot assume that the defendant has violated laws in ways not alleged.  *See Assoc'd Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint" or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Drake v. City of Fort Collins*, 927 F.2d

1156, 1159 (10th Cir. 1991).  Before *Twombly*, a complaint may have withstood a motion to dismiss "if it left open the possibility that a fact not alleged in the complaint could render the complaint sufficient."  *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1246 (10th Cir. 2008).  Now, "Plaintiff must provide enough facts to state a claim to relief that is plausible on its face."  *Andersen v. Homecomings Financial, LLC*, 2011 U.S. Dist. LEXIS 92095, *4 (D. Utah Aug. 17, 2011) (citing *Twombly*, 550 U.S. at 547).  The Supreme Court has explained that a plaintiff must "nudge [its] claims across the line from conceivable to plausible" to survive a motion to dismiss."  *Id*.

## SECOND CLAIM FOR RELIEF

SEDD's second claim for relief is against Kern River for negligent misrepresentation.  This claim is dismissed on three separate grounds for failure to state a claim.

First, the economic loss rule bars SEDD's claim against Kern River for negligent misrepresentation.  The economic loss rule prevents a party from claiming economic damages "'in negligence absent physical property damage or bodily injury.'"  *Fennell v. Green*, 77 P.3d 339, 343 (Utah Ct. App. 2003) (quoting *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs.*, 28 P.3d 669 (Utah 2001)); *see also Davencourt at Pilgrims Landing Homeowners Association v. Davencourt at Pilgrims Landing, LC*, 221 P.3d 234, 242 (Utah 2009).  The economic loss rule can apply to parties who were not parties to a contract.  *Aclys Int'l, LLC v. Equifax, Inc.*, 2010 U.S. Dist. LEXIS 43923, *5 (D. Utah May 5, 2010); *see also Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1266 (D. Utah 2004).

The economic loss rule bars SEDD from recovering in tort against Kern River, as SEDD's claims are contractual claims against Barnard.  SEDD suffered an economic loss.  Economic loss includes "damages for inadequate value, costs of repair and replacement of the

defective product, or consequential loss of profits—without any claim of personal injury or damage to other property . . . as well as the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *See, e.g., SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs.*, 28 P.3d 669, 680 (Utah 2001). Because SEDD seeks damages for purely economic losses sustained as a consequence of relying on "geotechnical information," its loss falls squarely within the economic loss rule. *See* Second Amended Complaint ("Complaint"), at ¶ 56.

SEDD may only assert a claim for negligent misrepresentation if it can establish that Kern River owed it an independent duty of care. Kern River, as a project owner, does not owe an independent duty of care to SEDD, a subcontractor. Utah courts apply the economic loss rule to negligent misrepresentation claims. *See Fennell v. Green*, 77 P.3d 339, 343 (Utah Ct. App. 2003). Negligent misrepresentation falls outside the economic loss rule only when the party making the misrepresentation owes an independent duty of care. *Grynberg v. Questar Pipeline Co.*, 70 P.3d 1, 13 (Utah 2003) (holding that "the economic loss rule does not bar tort claims when those tort claims are based on a duty independent of those found in the contract"). The Court must determine whether a legal duty exists, as the inquiry is a "purely legal question." *Yazd v. Woodside Homes Corp.*, 143 P.3d 283, 286 (Utah 2006). The inquiry begins with an examination of "the legal relationships between the parties, followed by an analysis of the duties created by these relationships." *Id*. "A relationship that is highly attenuated is less likely to be accompanied by a duty than one, for example, in which parties are in privity of contract. Age, knowledge, influence, bargaining power, sophistication, and cognitive ability are but the more prominent" circumstances the court may examine in analyzing whether a legal duty is owed. *Id*. "A court determines whether a duty exists by analyzing the legal relationship between the

parties, the foreseeability of the injury, the likelihood of injury, public policy as to which party can best bear the loss occasioned by the injury, and other general policy considerations." *Normandeau v. Hanson Equip., Inc.*, 215 P.3d 152, 158 (Utah 2009).  Regardless of whether an independent duty exists, a claim for negligent misrepresentation can only arise if the information providers "are aware that third parties may reasonably rely on their work." *Id*.  *Aclys Int'l*, 2010 U.S. Dist. LEXIS 43923, at *7-8.  If an information provider does not owe the recipient of the information a duty of care, the information provider therefore does not have the independent duty of care required to save the claim from being barred by the economic loss rule. *Hafen v. Strebeck*, 338 F.Supp. 2d 1257, 1266 (D. Utah 2004).

   Kern River owes no independent duty to SEDD, and therefore, the claim for negligent misrepresentation fails.  Kern River and SEDD have, at most, an "attenuated relationship."  *See Yazd*, P.3d at 286.  There is no allegation that they were in contractual privity with each other. There are no allegations in the Complaint that the parties communicated or conferred.  There is no allegation that Kern River gave directly to SEDD any of the reports at issue.  Further, the remaining factors as to whether an independent duty arises foreclose the possibility that a legal duty from Kern River was owed to SEDD.  Both are sophisticated business entities.  SEDD, not Kern River, is a self-reported expert in drilling.  *See* Complaint, at ¶ 9.  SEDD was in contractual privity with Barnard and had that opportunity to contractually account for soil conditions; however, Kern River had no bargaining power with SEDD as it did not contract with SEDD.  *See* Complaint, at ¶¶ 25, 58.  As such, if anything, SEDD was in a superior position to review and analyze soil and geological conditions and possible contractual risks associated with those conditions and to bid accordingly—not Kern River.  In addition, even if Kern River did owe a duty to SEDD not to negligently disclose subsurface conditions, SEDD's injury unforeseeable.

Kern River could not have foreseen that Barnard would pass along any reports to subcontractors, that those subcontractors would rely upon those reports in formulating their bids, without independently analyzing risks, and that the subcontractors would not appropriately allocate risks related to subsurface conditions in their contracts with Barnard.

SEDD's negligent misrepresentation claim is barred by the economic loss rule.

Second, SEDD's second cause of action is dismissed because it fails to state the prima facie elements of a claim for negligent misrepresentation against Kern River. Under Utah law, "to prove negligent misrepresentation several elements must be shown: (1) the plaintiff[] reasonably relied on the defendant's representation, (2) the representation constitutes a 'careless or negligent misrepresentation of a material fact,' (3) the defendant 'had a pecuniary interest in the transaction,' (4) the defendant 'was in a superior position to know the material facts,' and (5) the defendant 'should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation.'" *Mitchell v. Smith*, 2010 U.S. Dist. LEXIS 132337, at *8 (D. Utah Dec. 14, 2010) (quoting *Price-Orem Inv. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986)). The Complaint contains mere recitations of the elements and conclusory allegations without providing facts to show SEDD has a plausible claim for negligent misrepresentation against Kern River. SEDD fails to recite facts adequate to support a claim for negligent misrepresentation against Kern River as to virtually each element of the claim.

SEDD could not have reasonably replied on any representations by Kern River. The general contract between Kern River and Barnard (the "CCA"), which was expressly incorporated and made a part of the contract between Barnard and SEDD expressly disclaimed any warranties with respect to documentation provided by Kern River, including bid documents, materials, and reports. CCA, at ¶ 40. Further, the geotechnical report identified by SEDD in its

6

opposition to the motion to dismiss provides that it should not be construed as a warranty of the subsurface conditions, and that no party may rely on the report unless the report creators agree in advance. *See* Geotechnical Engineering Services and Horizontal Directional Drill Design for the Project, dated March 16, 2010, Appendix C. The report specifically directs "do not rely on this report if it was not prepared for you." *Id*. Reasonable reliance is a necessary element of negligent misrepresentation. *Atkinson v. IHC Hosp., Inc.*, 798 P.2d 733, 737 (Utah 1990). Where a party disclaims a representation in a contract, such a disclaimer "destroys the party's allegation that the agreement was executed in reliance upon contrary . . . representations." *Insulation Corp. of Am. v. Huntsman Corp.*, 2000 U.S. Dist. LEXIS 481, *27-28 (E.D. Penn. 2000) (interpreting Utah law regarding negligent misrepresentation).

Kern River did not have a pecuniary interest in SEDD's subcontract with Barnard. Kern River entered into a fixed-price, lump-sum contract with general contractor Barnard. Barnard assumed all risk related to subsurface conditions, including soil and rock. CCA, Part II, ¶ 6. Kern River did not have a direct or indirect pecuniary interest in the subcontract because it did not stand to profit from the cost margins of subcontractor SEDD.

Kern River was not in a superior position to know material facts. SEDD was an established horizontal directional drilling expert. *See* Complaint, at ¶ 9. SEDD has not alleged that the property through which the horizontal directional drill was to be completed was owned by Kern River, and SEDD has not properly alleged sufficient facts indicating that Kern River was in a superior position to know the material facts regarding subsurface conditions for that property.

Kern River could not have reasonably foreseen that SEDD was likely to rely on any report regarding subsurface conditions. Under Utah law, "a claim for negligent

misrepresentation can only arise if the information providers 'are aware that third parties may reasonably rely on their work.'" *Aclys Int'l, LLC*, 2010 U.S. Dist. LEXIS 43923, at *8 (quoting *West v. Inter-Financial, Inc.*, 139 P.3d 1059, 1066 (Utah Ct. App. 2006)). "Negligent misrepresentation liability is limited 'to cases in which [the supplier of information] manifests an intent to supply the information for the sort of use in which the plaintiff's loss occurs.'" *Id*. at *6 (quoting Restatement (Second) Torts, § 552 cmt. a) (emphasis added). Kern River and SEDD did not have a contractual relationship, and the Complaint does not allege that Kern River made any direct representations concerning subsurface conditions to SEDD. There are no allegations indicating that Kern River manifested any intent to supply the information for the purpose of third parties preparing bids for Barnard. There are no allegations sufficient to state a claim that Kern River reasonably foresaw that SEDD would rely wholesale on any soils report in calculating and formulating its bid.

SEDD has not and cannot allege facts to support a prima facie showing of negligent misrepresentation.

Third, SEDD failed to plead its negligent misrepresentation claim against Kern River with particularity. Under Utah law, negligent representation constitutes a form of fraud. *Atkinson v. IHC Hosps. Inc.*, 798 P.2d 733, 737 (Utah 1990). Therefore, although the word "fraud" is not included in the title of the claim for relief, the pleading requirements of Federal Rule of Civil Procedure 9(b) apply. *Andersen v. Homecomings Financial, LLC*, 2011 U.S. Dist. LEXIS 92095, *10 (D. Utah Aug. 17, 2011). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To comply with this requirement, a complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences

thereof." *Koch v. Koch Indus., Inc.*, 2003 F.3d 1202, 1236 (10th Cir. 2000) (citation omitted). The particularity requirement is not met by a mere recitation of the elements of fraud or by conclusory allegations that are not supported by relevant facts. *Hoverman v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS at *13 (D. Utah Aug. 4, 2011).

The Complaint fails to plead with particularity the facts regarding the alleged misrepresentation. SEDD fails to identify the name and date of the geotechnical report, does not identify the alleged misrepresentations with particularity (who made negligent statements, when they were made, and what the supposed misrepresentations were). SEDD also fails to plead how the representations made indirectly by Kern River or through a third party hired by Kern River were false. SEDD's second claim fails to meet the particularity requirements of Rule 9(b) and is therefore dismissed.

For the foregoing reasons, the Court GRANTS Kern River's Motion to Dismiss SEDD's Second Claim for Relief. SEDD's second claim for relief against Kern River, negligent misrepresentation, is hereby DISMISSED WITH PREJUDICE.

Dated January 17, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

9