**VAN COTT, BAGLEY, CORNWALL & MCCARTHY**
John A. Snow (3125) (jsnow@vancott.com)
Kelley M. Marsden (13076) (kmarsden@vancott.com)
36 South State Street, Suite 1900
Salt Lake City, Utah  84111-1478
Telephone:  (801) 532-3333
Facsimile:  (801) 534-0058

Bret W. Reich (9542) (bret.reich@kernrivergas.com)
Kern River Gas Transmission Company
2755 E. Cottonwood Parkway, Ste. 300
Salt Lake City, Utah 84121
Telephone:  (801) 937-6062
Facsimile: (801) 937-6055

*Attorneys for Kern River Gas Transmission Co.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHEAST DIRECTIONAL DRILLING, LLC, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KERN RIVER GAS TRANSMISSION COMPANY, a Texas general partnership, and BARNARD PIPELINE, INC., a Montana corporation,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING KERN RIVER GAS TRANSMISSION COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO SOUTHEAST DIRECTIONAL DRILLING, LLC'S FIRST CLAIM FOR RELIEF**<br><br>Case No. 2:11-cv-1035<br><br>Judge David Nuffer |

This matter came before the Court on October 2, 2012 for hearing on Defendant Kern River Gas Transmission Company's ("Kern River") Motion for Partial Summary Judgment as to Southeast Directional Drilling, LLC's First Claim for Relief (Dkt. #44) ("Motion").  Plaintiff Southeast Directional Drilling, LLC ("SEDD") was represented by Kyle E. Hart and Theodore v. Roberts; Barnard Pipeline, Inc. ("Barnard") was represented by R. Miles Stanislaw and

Christopher R. Hogle; and Kern River was represented by John A. Snow, Kelley M. Marsden, and Bret W. Reich.  The Court, having carefully reviewed the pleadings and memoranda submitted by the parties, the relevant legal authority, and counsel's oral arguments, and for good cause appearing, hereby FINDS, ORDERS, ADJUDGES AND DECREES as follows.

## STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law.  *Id*.  The party opposing summary judgment bears the burden of presenting evidence that a disputed issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  More specifically, the opposing party must cite evidence sufficient to support every essential element of the claims on which it bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the standard set forth in Rule 56(c) is met, summary judgment must be granted.  *Id*.

## UNDISPUTED MATERIAL FACTS

1.      Kern River owns and operates a 1,708-mile interstate natural gas pipeline that runs from southwestern Wyoming to Southern California.

2.      In 2010, Kern River hired Barnard to serve as the general contractor for the construction known as the Apex Expansion Project (the "Project").  Barnard hired various subcontractors to complete work on the Project, which included the installation of approximately

28 miles of new 36-inch diameter pipeline through the Wasatch mountains in Morgan, Davis, and Salt Lake counties.

3.    During the Project, Barnard hired SEDD to perform a horizontal directional drill under Highway 89/Interstate 15 near the Chevron refinery in North Salt Lake City.

4.    On or about October 19, 2010, a Notice of Commencement was filed with the Utah State Construction Registry as Entry #1614930, which notice lists Kern River as owner and lists the project property as the Apex Expansion Project.

5.    SEDD did not file a preliminary notice with the Utah State Construction Registry with respect to any labor, service, equipment, or material furnished by SEDD on the Apex Expansion project.

## FIRST CLAIM FOR RELIEF

SEDD's first claim for relief is against Kern River for Kern River's failure to obtain a payment bond in accordance with Utah Code Annotated § 14-2-1.

By statute, a party making a claim under the Utah private bond statute is required to file preliminary notice with the owner prior to commencing a claim. Utah Code Ann. § 14-2-5(2)(3). SEDD does not dispute that it failed to file the statutorily-required preliminary notice with the state's designated agent.

The Utah Code provides that "[a]ny person furnishing labor, service, equipment, or material for which a payment bond claim may be made under this chapter shall provide preliminary notice to the designated agent as prescribed by Section 38-1-32." § 14-2-5(1).[1]

---

[1] The version of the Utah Code in effect in 2010, when construction on the Project commenced, provided that the preliminary notice requirement did not apply "if a notice of commencement is not filed as prescribed in Section 38-1-31 for the project or improvement for which labor, service, equipment or material is furnished." Utah Code Ann. § 14-2-5(1) (2010). As set forth

3

Section 38-1-32, Utah's mechanics' lien statute, provides that a person entitled to make a claim under the statute must file a preliminary notice with the State Construction Registry no later than 20 days after the person commences furnishing construction service to the project. Utah Code Ann. §§ 38-1-32(2)(a)(i); 38-1-27(e) (defining database as the State Construction Registry). If a person fails to file the preliminary notice, that person "may not make a payment bond claim under [Section 14, Chapter 2]." The bar is absolute, and Utah courts have upheld this procedural bar in the mechanics' lien context. *See Hutter v. Dig-It, Inc.*, 219 P.3d 918, 928 (Utah 2009) (subcontractor's lien unenforceable because of failure to file preliminary notice).

Because SEDD failed to provide the preliminary notice prior to the commencement of the action on the payment bond, SEDD may not make a claim against Kern River for failure to obtain a payment bond. Utah Code Ann. § 14-2-5(2).

SEDD argues that the preliminary notice under section 14-2-5 is limited to payment bond claims brought under section 14-2-1. However, the statute does not limit the preliminary notice bar to claims under subsection 1, but instead specifies that "[a]ny person who fails to provide the preliminary notice required by Subsection (1) may not make a payment bond claim under this chapter." Utah Code Ann. § 11-2-5(2). The failure to provide the requisite preliminary notice precludes claims under the entire chapter. *See Warne v. Warne*, 275 P.3d 238, 247-48 (Utah 2012) (the Court "must give effect to every provision of a statute and avoid an interpretation that will render portions of a statute inoperative").

Principles of statutory construction provide that the subsection 14-2-5 bars both rights of action on a payment bond described in section 14-2-1(4) and (5) and rights of action for failure to obtain a payment bond described in section 14-2-2 where no preliminary notice was filed.

---

in the Statement of Facts, a notice of commencement concerning the Project was filed in 2010, so this change to the statutory scheme is irrelevant in this instance.

4

First, the plain language of section 14-2-5 directs that a person who fails to provide the preliminary notice required by subsection 1 may not make a payment bond claim under the entire chapter—not just subsection 1.  Second, the statutory bar is located at the end of the entire chapter, not at the end of subsection 1, which relates solely to rights of action "on a payment bond."  *See* Utah Code Ann. § 14-2-1(5).  Third, the statute itself implements different terms when referring to claims or actions "on a payment bond" and "payment bond claims" generally.  *See* Utah Code Ann. §§ 14-2-1(4) and 14-2-5(2).  If the Utah legislature had intended the preliminary notice bar to apply only to a right of action "on a payment bond"—which presumes that there is a payment bond in place—it would have used the language "on a payment bond" or "against a payment bond" in section 14-2-1(5).  Instead, the statute uses much broader language, and bars all "payment bond claim[s]" under the chapter.  Finally, the statute bars a claim for failing to obtain a bond where no preliminary notice was filed in order to avoid an absurd result.  Preliminary notice is required to be given to the designated agent (not just the payment bond principal) to provide notice to all actors involved in a construction project—including owners—of potential claims against them.  The Utah statute, however, requires preliminary notice to the owner so that it may fully protect itself in the event that there is no bond in place.

SEDD's failure to file a preliminary notice is fatal to its claim for failure to obtain a payment bond.  Therefore, the Court GRANTS Kern River's motion for partial summary

judgment as to SEDD's first claim for relief against Kern River.[2] The Court hereby ENTERS summary judgment in favor of Kern River as to SEDD's first claim for relief.

Dated January 17, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[2] Docket no. 44.