Christopher R. Hogle (7223)
Holland & Hart, LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
(801) 799-5884
crhogle@hollandhart.com

R. Miles Stanislaw (*pro hac vice*)
Watt Tieder Hoffar & Fitzgerald, LLP
1215 – 4th Avenue, Suite 2210
Seattle, Washington 98161
(206) 204-5800
milesstanislaw@msn.com

Attorneys for Defendant Barnard Pipeline, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHEAST DIRECTIONAL DRILLING, LLC., a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KERN RIVER GAS TRANSMISSION COMPANY, a Texas general partnership; and BARNARD PIPELINE, INC., a Montana corporation,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING BARNARD PIPELINE, INC.'S MOTION TO DISMISS PLAINTIFF'S FOURTH CLAIM FOR RELIEF – BREACH OF IMPLIED AND EXPRESS WARRANTIES – AND "EXTRA WORK" BREACH OF CONTRACT CLAIM** |
| BARNARD PIPELINE, INC., a Montana corporation,<br><br>Third Party Plaintiff,<br><br>v.<br><br>ARGONAUT INSURANCE COMPANY, a foreign company,<br><br>Third Party Defendant. | Case No. 2:11-cv-01035-DN<br><br>Judge David Nuffer |

THIS MATTER came before the Court on October 2, 2012, for hearing on, among other motions, Barnard Pipeline, Inc.'s Rule 12(c) Motion to Dismiss Southeast Directional Drilling's Third and Fourth Claims for Relief [Doc. #46] ("Motion").  Plaintiff Southeast Directional Drilling, LLC ("SEDD") was represented by Kyle E. Hart and Theodore V. Roberts; Barnard Pipeline, Inc. ("BPI") was represented by R. Miles Stanislaw and Christopher R. Hogle; and defendant Kern River Gas Transmission Company was represented by John A. Snow, Kelly M. Marsden, and Bret W. Reich.  Having considered BPI's Motion, the memoranda filed with respect to the Motion [Doc. Nos. 47, 52, and 54], and oral argument presented by counsel for SEDD and BPI; and having issued a ruling on the Motion during the October 2, 2012 hearing, the Court enters this Order granting BPI's Motion.

BPI's Motion seeks the dismissal of a portion (as more fully explained hereafter) of SEDD's Third Claim for Relief, "Breach of Contract," and SEDD's Fourth Claim for Relief, "Breach of Express and Implied Warranties," as alleged in SEDD's Second Amended Complaint ("SAC") [Doc. No. 11].

## APPLICABLE STANDARDS OF REVIEW

BPI's Fed.R.Civ.P. 12(c) Motion is subject to the same standards as a Fed.R.Civ.P. 12(b)(6) motion.  *Estes v. Wyoming Dept. of Transp.*, 302 F.3d 1200 (10th Cir. 2002).

In ruling on a motion to dismiss, the Court must accept well-pleaded allegations as true and must construe them in the light most favorable to the non-moving party.  *See, Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  However, the Court need not accept as true conclusory allegations. *See, Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

The Supreme Court recently reaffirmed *Twombly's* higher pleading requirements concluding that a complaint must offer more than an unadorned, vague accusation of harm in order to survive dismissal.  *See, Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("naked assertions devoid of further factual enhancement" no longer suffice to state a claim). The Court further affirmed that a "formulaic recitation of the elements of a claim," because of its conclusory nature is not entitled to the presumption of truth.  *Id*. at 1951.  The Court must not assume that the plaintiff can prove facts it has not alleged.  *See, Assoc'd Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint" or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).  "Plaintiff must provide enough facts to state a claim to relief that is plausible on its face."  *Andersen v. Homecomings Financial LLC*, No. 2:11-cv-332-TS, 2011 U.S. Dist. LEXIS 92095, at *4 (D. Utah Aug. 17, 2011) (citing *Twombly*, 550 U.S. at 547).

In this case, accepting all well-pleaded allegations against BPI as true, SEDD's Third Claim for Relief, Breach of Contract (in part), and Fourth Claim for Relief, Breach of Express and Implied Warranties, fail to state claims for which relief can be granted and must be dismissed.

## THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

SEDD's breach of contract claim, set forth in Paragraph 60 of SEDD's Second Amended Complaint (SAC) (Doc. # 11), includes the following four alleged breaches of contract:

1. Wrongful default/termination;

2. Failing to pay SEDD for "Extra Work";

      3.      Failing to pay SEDD for invoiced work; and

      4.      Refusing to perform the subcontract in other respects.

At oral argument, counsel for BPI acknowledged that BPI's motion only addressed Breach of Contract Item No. 2. SEDD's SAC fails to state a claim for failing to pay SEDD for "Extra Work," and such claim is dismissed.

SEDD has failed to allege the performance of any "Extra Work." The essence of SEDD's "Extra Work" claim against BPI is set forth in Paragraphs 30 and 32 of SEDD's SAC. In these paragraphs, SEDD complains that the work it had to perform was rendered more difficult and more costly as a result of unanticipated subsurface conditions. SEDD is not entitled to additional compensation for encountering these conditions. *Frontier Foundations v. Layton*, 818 P.2d 1040 (Utah Ct. App. 1991); *Young v. County of Tooele*, 575 P.2d 1034 (Utah 1978). In *Frontier Foundations*, Frontier sued "for extra work performed because of unanticipated conditions" and was denied any additional compensation. The performance of more difficult work is not the equivalent of "Extra Work." *Green Constr. Co. v. Kansas Power and Light*, 1 F.3d 1005 (10th Cir. 1993).

In this case, the parties' contract included no differing site conditions clause and, therefore, SEDD assumed the risk of unanticipated subsurface conditions. The Court rejects SEDD's argument that the contract's "Extra Work" clause is the equivalent of a differing site condition clause.

SEDD contracted to perform the installation of 1,785 LF of 36" pipe. SEDD's SAC fails to allege that there were any material changes in the plans and specifications for the installation of the pipe. Therefore, SEDD fails to allege a claim for "Extra Work."

## FOURTH CLAIM FOR RELIEF:
## BREACH OF EXPRESS AND IMPLIED WARRANTY CLAIM

SEDD must identify "unequivocal affirmative statements which were false or misleading" to allege an actionable breach of warranty claim. *Green Constr.,* 1 F.3d at 1009; *Frontier Foundations*, *supra*; *Thorne v. Utah Dept. of Transp.*, 596 P.2d 365 (Utah 1979); *Parson Constr. v. Utah Dept. of Transp.*, 725 P.2d 614 (Utah 1986). SEDD's breach of warranty claim is founded on Paragraph 65 of SEDD's SAC. SEDD has failed to allege that BPI made unequivocal affirmative statements which were false or misleading.

The plans and specifications prepared by Kern River were suitable for their intended purpose as evidenced by SEDD's own admission that the pipeline was completed and put to its intended use. [Docket No. 11, Para. 26]

Even if SEDD had alleged a specific affirmative misrepresentation, SEDD still would have had a significant hurdle to clear to state a claim for breach of express and implied warranty in light of the numerous contract provisions disclaiming warranties, as well as the soils report, which states "actual subsurface conditions may differ significantly from those indicated in this report."[1] SEDD fails to state a claim for breach of express and implied warranty.

## ORDER

IT IS HEREBY ORDERED that the Third and Fourth Claims for Relief are dismissed without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated January 17, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[1] Even though this is a Fed.R.Civ.P. 12(c) motion, the Court is considering relevant contract provisions. *Tellabs, Inc. v. Makor Issues*, 551 U.S. 308, 127 S. Ct. 2499 (2007); *Alvarado v. KOB-TV*, 493 F.3d 1210 (10th Cir. 2007).